# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### FEBRUARY 1999 SESSION



**FILED**

**May 7, 1999**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 02C01-9808-CR-00237 |
| Appellee, | ) | |
| | ) | SHELBY COUNTY |
| VS. | ) | |
| | ) | HON. W. FRED AXLEY, |
| IVORY DUBOSE, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated Sexual Battery) |

FOR THE APPELLANT:                        FOR THE APPELLEE:


**A C WHARTON**                          **JOHN KNOX WALKUP**
District Public Defender                  Attorney General & Reporter

**WALKER GWINN**                          **CLINTON J. MORGAN**
Asst. Public Defender                     Asst. Attorney General
201 Poplar Ave.                           Cordell Hull Bldg., 2nd Fl.
Memphis, TN 38103                         425 Fifth Ave., North
        (On Appeal)                               Nashville, TN 37243-0493

**MARY K. KENT**                          **WILLIAM L. GIBBONS**
Asst. Public Defender                     District Attorney General
201 Poplar Ave.
Memphis, TN 38103                         **DAVID B. SHAPIRO**
        (At Trial)                        Asst. District Attorney General
                                                  201 Poplar Ave., Third Fl.
                                                  Memphis, TN 38103


OPINION FILED:_____


**AFFIRMED**


**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was found guilty by a jury of aggravated sexual battery. The trial court sentenced the defendant to a term of twelve years to be served in the Tennessee Department of Correction. The defendant's subsequent motion for a new trial was denied by the trial court. The defendant now appeals and contends that the evidence is insufficient to sustain his conviction and that his sentence is excessive.

The defendant's conviction stems from events that occurred on June 28, 1997. According to the victim, Viola Backers, at about 4:00 p.m. that afternoon, she saw the defendant outside. The victim testified that she had known the defendant for the past forty years. The victim further stated that the defendant was fully aware of her "left-side weakness" caused by a stroke because he had asked about her condition on a prior occasion. Since she was not feeling well that day, the victim asked the defendant to buy a pack of cigarettes for her. The defendant agreed. Shortly thereafter, the defendant returned with the cigarettes the victim requested and she unlocked her screen door. At this point, the defendant opened the screen door, pushed the victim to the floor, and sat down on her couch. The defendant began to drink a beer and ignored the victim's requests that he leave her home.

After the defendant finished drinking the beer, he pushed the victim down on the couch and began to fondle her breasts and buttocks and rub his hand between her legs. Although the victim tried to stop the defendant, due to the fact that she had only partial use of her left hand it was difficult to protect herself. While the defendant pinned the victim to the couch, he choked her and attempted to remove her dress. The victim then bit the defendant's hand and he began to curse at her. The victim picked up a picture frame and hit the defendant. The defendant responded by hitting the victim in the mouth and on the right side of her head with his fist. He continued to try to remove her clothing but was unsuccessful. The defendant was able to unzip his own pants and expose himself to the victim. The defendant repeatedly told the victim, 'bitch, if you don't open your legs I am going to kill you." It was at this point that the victim was able to pull the defendant's shirt over his head and push him off of her. She then got up, ran around the floor, and began to kick him. After the defendant ran out the door, the victim called the police.

2

At trial, Thomas Caldwell, a Memphis police officer, testified that when he arrived on the scene, the victim had a red mark on the side of her face, a busted lip, and "tethered" clothes. The victim then identified the defendant, who was standing on the corner of the street, as her attacker. The defendant was arrested and placed in a patrol car. According to Officer Caldwell, the defendant beat on the car window and told the victim "If I get any time out of this I am going to get you." Officer Caldwell further testified that the defendant smelled strongly of alcohol, had slurred speech and bloodshot eyes, and was unsteady on his feet.

The defendant now contends that the evidence is insufficient to support a finding of guilt beyond a reasonable doubt. The defendant bases this contention on alleged inconsistencies in the victim's statement to the police, her testimony at the preliminary hearing, and her testimony at the sentencing hearing. The defendant argues that the State produced no material credible testimony of the defendant's guilt.

A defendant challenging the sufficiency of the proof has the burden of illustrating to this Court why the evidence is insufficient to support the verdict returned by the trier of fact in his or her case. This Court will not disturb a verdict of guilt for lack of sufficient evidence unless the facts contained in the record and any inferences which may be drawn from the facts are insufficient, as a matter of law, for a rational trier of fact to find the defendant guilty beyond a reasonable doubt. State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

When an accused challenges the sufficiency of the convicting evidence, we must review the evidence in the light most favorable to the prosecution in determining whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). We do not reweigh or re-evaluate the evidence and are required to afford the State the strongest legitimate view of the proof contained in the record as well as all reasonable and legitimate inferences which may be drawn therefrom. State v. Cabbage, 571 S.W.2d 832, 835 (Tenn. 1978).

Questions concerning the credibility of witnesses, the weight and value to be given to the evidence, as well as factual issues raised by the evidence are resolved by the trier of fact, not this Court. Cabbage, 571 S.W.2d 832, 835. A guilty verdict rendered by the jury and approved by the trial judge accredits the testimony of the witnesses for the State, and a

presumption of guilt replaces the presumption of innocence. State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973).

The defendant claims that the evidence is insufficient to support his conviction because of inconsistencies in the victim's statement to the police and her testimony. However, these alleged inconsistencies concern whether the defendant exposed himself to the victim, the extent of the victim's disability, and the victim's claims that she hit the defendant and bit his hand even though Officer Benton testified that he did not see any marks on the defendant or his clothing. The defendant has not alleged any inconsistencies in the victim's testimony or statement regarding facts establishing the elements of aggravated sexual battery. In addition, it is within the province of the trier of fact, in this case the jury, to determine the credibility of witnesses. In the case at bar, the jury obviously credited the testimony of the victim. As that is within their province, the defendant's contention is without merit.

The defendant next contends that his sentence is excessive. When a defendant complains of his or her sentence, we must conduct a de novo review with a presumption of correctness. T.C.A. § 40-35-401(d). The burden of showing that the sentence is improper is upon the appealing party. T.C.A. § 40-35-401(d) Sentencing Commission Comments. This presumption, however, "is conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991).

In determining the specific sentence and the possible combination of sentencing alternatives, the court shall consider the following: (1) any evidence from the trial and sentencing hearing, (2) the presentence report, (3) the principles of sentencing and the arguments concerning sentencing alternatives, (4) the nature and characteristics of the offense, (5) information offered by the State or the defendant concerning enhancing and mitigating factors as found in T.C.A. §§ 40-35-113 and -114, and (6) the defendant's statements in his or her own behalf concerning sentencing. T.C.A. § 40-35-210(b).

In addition, T.C.A. § 40-35-210 provides that the minimum sentence within the range is the presumptive sentence. If there are enhancing and mitigating factors, the court must start at the minimum sentence in the range and enhance the sentence as appropriate for the enhancement factors and then reduce the sentence within the range as appropriate for the

mitigating factors. If there are no mitigating factors, the court may set the sentence above the minimum in that range but still within the range. The weight to be given each factor is left to the discretion of the trial judge. State v. Shelton, 854 S.W.2d 116, 123 (Tenn. Crim. App. 1992).

The trial court sentenced the defendant as a Range I standard offender and imposed a twelve year sentence. In determining the appropriate sentence, the trial court applied the following enhancement factors: (1) the defendant has a previous history of criminal convictions or criminal behavior; (4) a victim of the offense was particularly vulnerable; (5) the defendant treated or allowed a victim to be treated with exceptional cruelty during the commission of the offense; (6) the personal injuries inflicted upon the victim were particularly great; (7) the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement; (8) the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release into the community; (11) the felony resulted in bodily injury and the defendant has previously been convicted of a felony that resulted in death or bodily injury; and (16) the crime was committed under circumstances under which the potential for bodily injury to a victim was great. T.C.A. § 40-35-114. The defendant does not challenge the trial court's application of factors (1) and (4). We find that the trial court improperly applied several enhancement factors. As such, our review of the defendant's sentence is de novo upon the record without a presumption of correctness.

The defendant now challenges the trial court's application of factor (5), that the defendant treated the victim with exceptional cruelty. The defendant argues that the same facts that were used to enhance the Class E felony of sexual battery to the Class B felony of aggravated sexual battery cannot be used to further enhance a sentence for aggravated sexual battery. The application of factor (5) requires a finding of cruelty over and above that inherently attendant to the offense. State v. Leggs, 955 S.W.2d 845, 849 (Tenn. Crim. App. 1997). The fact that bodily injury is an element of aggravated sexual battery in the case at bar does not necessarily preclude application of this enhancement factor. See id.

In the case at bar, the defendant pushed the victim, a woman he knew had only partial use of her left side, to the floor. He choked her while pinning her to the couch. He hit her in the head and mouth with his fist. He then exposed himself to her. He repeatedly called her a bitch and threatened her life. The attack lasted approximately one hour. The defendant

continued to threaten the victim after he was arrested and placed in a patrol car. In light of the foregoing facts, the defendant treated the victim with exceptional cruelty over and above that inherently attendant to the offense of aggravated sexual battery. Thus, factor (5) was properly applied to the case at bar.

The defendant challenges the trial court's application of factor (6), that the personal injuries inflicted upon the victim were particularly great, and factor (8), that the defendant has a previous history of unwillingness to comply with the conditions of a sentence involving release in the community. There is no proof in the record to support an inference that the victim's injuries were particularly great. In addition, there is no proof in the record that the defendant has ever failed to comply with conditions of a sentence involving release in the community. These factors are therefore inapplicable.

The defendant also challenges the trial court's application of factor (7), that the offense involved a victim and was committed to gratify the defendant's desire for pleasure or excitement. The Tennessee Supreme Court has previously held that factor (7) is not applicable to cases involving aggravated sexual battery because this offense necessarily includes the intent to gratify a desire for pleasure or excitement as an element. State v. Kissinger, 922 S.W.2d 482, 489 (Tenn. 1996); see also State v. Walton, 958 S.W.2d 724, 730 n6 (Tenn. 1997). As such, factor (7) is not an applicable enhancement factor in the case at bar.

The defendant challenges the trial court's application of factor (11), that the felony resulted in bodily injury and the defendant has previously been convicted of a felony that resulted in death or bodily injury. As there is no proof in the record that the defendant has previously been convicted of a felony that resulted in death or bodily injury, this factor is also inapplicable.[1]

The defendant next challenges the trial court's application of factor (16), that the crime was committed under circumstances under which the potential for bodily injury to a victim was great. The defendant contends that this factor is an essential element of aggravated sexual battery and therefore inapplicable as an enhancement factor. As the defendant was found

---

[1] The presentence report does indicate that the defendant has been convicted of aggravated assault and armed robbery. However, the record is devoid of any evidence indicating that these felonies involved death or bodily injury.

guilty of the charged offense of sexual battery on the grounds that he engaged in sexual contact with the victim and caused bodily injury to her, we agree that factor (16) is inapplicable in this case.

The sentencing range for aggravated sexual battery, a Class B felony, under Range I is not less than eight nor more than twelve years. T.C.A. § 40-35-112(a)(2). The trial court sentenced the defendant to the twelve year maximum sentence. The mere fact that the trial court erroneously applied enhancement factors does not entitle the defendant to a reduction in his sentence. State v. Lavender, 967 S.W.2d 803, 809 (Tenn. 1998). The record supports the application of enhancement factors (1), (4), and (5) to the defendant's sentence and there are no applicable mitigating factors. We find these factors to be sufficient to support the sentence imposed by the trial court.

Accordingly, the defendant's conviction and sentence are affirmed.

_____
JOHN H PEAY, Judge


CONCUR:


_____
JOE G RILEY, Judge


_____
JAMES C BEASLEY, SR, Special Judge

7